UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR HOKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1095 CDP |
| | ) | |
| GENERAL MOTORS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Victor Hoke has brought suit against his former employer, General Motors, alleging employment discrimination on the basis of race, in violation of Title VII of the Civil Rights Act of 1964. General Motors has moved to dismiss Hoke's claims, arguing that Hoke filed his complaint more than 90 days after he received his right to sue letter from the EEOC, as required by 42 U.S.C. § 2000e-5(f)(1). Because I find that Hoke failed to file his complaint in a timely manner, and there are no circumstances warranting an extension of time in this case, Hoke's complaint will be dismissed.

Background

Victor Hoke is an African American male who was terminated from his employment with General Motors on November 30, 2005. Hoke alleges that he was harassed and discriminated against by his supervisor on account of his race

and was treated differently from white employees.  Ultimately, Hoke claims he was terminated due to his race.  Following his termination, Hoke filed complaints with both the EEOC and the Missouri Human Rights Commission.

Hoke received a right to sue letter from the EEOC on January 18, 2007.  He received a right to sue letter from the MHRC on April 12, 2007.  Hoke then filed his pro se complaint in this Court on June 7, 2007.  After amending his complaint on two subsequent occasions, Hoke was appointed counsel and filed a third amended complaint on November 14, 2008.  This third amended complaint is the current operative pleading that defendant has moved to dismiss.

## Discussion

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  To avoid dismissal for failure to state a claim, the complaint must contain " a short and plain statement of the claim showing that the pleader is entitled to relief."  Although specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests.  *Erickson v. Pardus*, 127 S. Ct. 2197,

2200 (2007). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

A complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the necessary allegations. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997). The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Here, General Motors argues that Hoke's claims are barred because his initial complaint was filed more than 90 days after January 18, 2007, the date of Hoke's EEOC letter. Hoke responds by pointing out that his complaint was, in fact, filed within 90 days of the date of the letter Hoke received from the Missouri Human Rights Commission. Hoke's counsel argues that, as a *pro se* litigant when he filed his first complaint, Hoke should be granted relief from the 90-day time limitation. Hoke acted within the 90 day period from receiving his letter from the State of Missouri, and has demonstrated that he now intends to vigorously pursue his lawsuit.

Since the Supreme Court's decision in *Zipes v. TWA, Inc.*, 455 U.S. 385 (1982), it has been well established that "a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court." *Zipes*, 455

U.S. at 393; *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). Rather, the 90-day time limit acts as a statute of limitation, and is therefore subject to waiver, estoppel and equitable tolling in appropriate circumstances. *Zipes*, 455 at 393; *Hill*, 869 F.2d at 1124; *Smythe v. Potter*, No. 4:05CV1471FRB, 2006 WL 2927545 (E.D. Mo. Oct. 11, 2006). Equitable tolling may apply to prolong a filing deadline in instances where an uncounseled plaintiff was subject to the EEOC's mistake of law, *Jennings v. American Postal Workers Union*, 672 F.2d 712, 715 (8th Cir. 1982), or where the defendant conceals facts that would give the plaintiff cause to know of discriminatory conduct, or where the EEOC misleads the plaintiff as to the nature of his rights. *Chappel v. EMCO Machine Works, Co.*, 601 F.2d 1295, 1302-03 (5th Cir. 1979).

Mr. Hoke filed his complaint as a *pro se* plaintiff, and as such he is held "to less stringent standards than formal pleadings drafted by lawyers." *Ellis v. Butler*, 890 F.2d 1001, 1003 (8th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But this does not mean that Hoke should be excused from the 90-day requirement in this case. Hoke has not alleged that the defendant prohibited him from filing a timely suit or that the EEOC, through its own negligence, denied Hoke the opportunity to comply with the 90-day rule. Hoke simply missed the deadline for filing his suit on time. This fact alone does not constitute just cause to waive the 90-day time limit for filing a complaint. *See Hill*, 869 F.2d at 1124

n.2 (cataloguing the types of instances in which waiver or equitable tolling is warranted); *Bell v. Emerson Electric Co.*, Civ. No. 82 1130 C (3), 1983 WL 492 at *2 (Mo. E.D. Mar. 28, 1983) (same). That Hoke filed his suit within 90 days of receiving his letter from the Missouri Human Rights Commission is not relevant. It is the 90 day window that follows the date of the EEOC letter that controls the date when this federal claim should have been brought. For this reason, Hoke's complaint must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion [#27] to dismiss is GRANTED and plaintiff's complaint is dismissed in its entirety. A separate order of dismissal is entered this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of January, 2009.